Egan Jr., J.
(concurring). I agree that the cumulative errors identified by the majority warrant reversal of defendant’s conviction and the remittal of this matter for a new trial. Where the majority and I part company, however, is with respect to the evidence relative to defendant’s alleged possession of heroin. To my analysis, this uncharged criminal activity falls squarely within one or more of the recognized Molineux exceptions. Here, the confidential informant (hereinafter Cl) testified that, upon entering the apartment on the day in question, he observed defendant “sitting at the table with large amounts of heroin and crack cocaine in front of him.” Such testimony, in my view, was part and parcel of the Cl’s attempt to set the scene and provide context for the October 9, 2012 transaction, thereby providing necessary background information and/or completing the Cl’s narrative (see People v Rivera, 124 AD3d 1070, 1073 [2015]). Hence, step one of the Molineux test was satisfied.
Although I agree that, under the particular facts of this case, the probative value of such evidence was outweighed by its prejudicial effect, thereby warranting the exclusion thereof, I write separately to make clear that not every casual, off-the-cuff reference to an uncharged crime constitutes reversible error. For example, it would be neither unusual nor surprising if, during the course of a controlled buy, a Cl or an undercover officer observed additional evidence of criminal activity beyond that with which a particular defendant ultimately was charged. Although any testimony relative to such uncharged criminal activity indeed should be part of the People’s Molineux application and must satisfy that two-part test in order to be admitted into evidence at trial, not every fleeting or isolated reference to uncharged criminal activity constitutes a Molineux violation, nor does the mere mention of an uncharged crime necessarily afford a basis upon which to reverse an otherwise valid conviction. And, to the extent that the majority’s decision suggests otherwise, I disagree.
*1320 Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.